IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHAWN SMITH, on behalf of himself
and all others similarly situated                                                                PLAINTIFFS

VS.                              CASE NO. 4:20-CV-707-BRW

SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY                                                           DEFENDANT

### MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS

The defendant, Southern Farm Bureau Casualty Insurance Company ("SFBCIC"), submits this memorandum brief in support of its motion to dismiss the complaint of the plaintiff, Shawn Smith ("Smith"). For the reasons stated in SFBCIC's motion and in this brief, Smith's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### STANDARD FOR DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)

"To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also *Lewis v. Mortgage Electronic Registration Systems, Inc.*, 2020 WL 1501888 (E.D. Ark. March 20, 2020). A claim is plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 556). As the court in *Lewis v. Mortgage Electronic Systems, Inc.* summarized:

1

> "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive a Rule **12(b)(6)** motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

2020 WL 1501888, *2.

## COMPLIANCE WITH SUBSECTION 10(a)(3) OF REGULATION 43

The legal basis for Smith's claims for breach of contract and declaratory judgments is the alleged violation of Arkansas Insurance Rule & Regulation 43 by its use of the Mitchell WorkCenter Total Loss program in its determination of actual cash value. (Doc. 2, ¶¶ 15-22, 26, 38) As discussed in SFBCIC's motion and below, the use of the Mitchell WorkCenter Total Loss program does not state a claim for breach of contract absent a plausible allegation that it violates Regulation 43. The same is true with respect to the alleged basis for a declaratory judgment in ¶¶ 43[1] and 44[2] of his complaint. Thus, the claims based on this purported violation are inadequately pleaded and must be dismissed.

The insurance policy issued to Smith (Doc. 2, Exhibit 1) provided at page 14 as follows regarding physical damage:

> For each accident we will pay actual cash value of loss or damage less your deductible amount.

The policy further provided as follows at page 17:

> Our duty to pay for comprehensive or collision loss is limited to the actual cash value of the auto or its damaged parts at the time of loss.

---

[1] Paragraph 43 alleges that "it is a breach of the insurance contract, as well as a violation of Arkansas law, for Farm Bureau to base the valuation and payment of claims on values of comparable vehicles that have been reduced by a 'Projected Sold Adjustments' …"
[2] Paragraph 44 refers to "Farm Bureau's unlawful common policy and general practice as described …"

> Actual cash value will include consideration of fair market value, age, and condition of the item in question at the time of loss or damage.

As a part of its adjustment of Smith's claim SFBCIC provided him with a document entitled "Vehicle Valuation Report," a copy of which is attached to Smith's complaint as Exhibit 2. This report gave all of the information required by Regulation 43.

Rule 43 states that "[w]hen the insurance policy provides for the adjustment and settlement of first party automobile total losses on the basis of actual cash value or replacement with another of like kind and quality, one (1) of the following methods must apply." Ark. Ins. R. 43, § 10(a). By its express terms, Rule 43 allows an insurer to deviate from the methods described in subsections 10(a)(1) and (2):

> (3) When a first party automobile total loss is settled on a basis which deviates from the methods described in subsections (a)(1) and (2) of this section, the deviation must be supported by documentation giving particulars of the automobile's condition. Any deductions from such cost, including deduction for salvage, must be measurable, discernible, itemized and specified as to dollar amount and shall be appropriate in amount. The basis for such settlement shall be fully explained to the first party claimant.

Ark. Ins. R. 43, § 10(a)(3).

As evidenced by Exhibit 2 to Smith's complaint, SFBCIC provided documentation as to the particulars of the vehicle's condition in compliance with subsection 10(a)(3) of Regulation 43. Thus, Smith's own complaint and the exhibit thereto demonstrates that he has failed to plausibly allege a violation of Regulation 43 for either of his claims, and the conclusory allegations of the complaint do not address subsection 10(a)(3), much less explain how SFBCIC supposedly violated them. Thus, Smith has not stated a plausible claim regarding an alleged violation of section 10 of Rule 43, and his complaint should be dismissed.

## NO CAUSE OF ACTION FOR ALLEGED VIOLATION OF RULE 43

Even if Smith had plausibly alleged a violation of section 10 of Rule 43 and had taken into account the provisions of subsection (a)(3), his complaint must be dismissed because an alleged violation of Arkansas Insurance Rule 43 cannot provide the legal basis for any cause of action, including one for breach of contract or declaratory judgment. See *Moffitt v. State Farm Mut. Auto. Ins. Co.*, No. 1:19-cv-72-DPM.[3] In *Design Professionals Ins. Co. v. Chicago Ins. Co.*, 454 F.3d 906 (8th Cir. 2006), an insured alleged that the insurance company breached its insurance contract by violating a provision of Regulation 43. *Id.* at 911. The Eighth Circuit Court of Appeals reversed a judgment in favor of the insured:

> Therefore, we believe that Rule 43 was intended to implement the Trade Practices Act, and, while the Act gives the state authority to establish rules of conduct and to punish offenders, it provides no private right of action to insureds for violations of the Act or of regulations promulgated under the Act's authority. Ark.Code Ann. § 23–66–202; *see also Columbia Mut. Ins. Co. v. Home Mut. Fire Ins. Co.,* 74 Ark.App. 166, 174, 47 S.W.3d 909, 913 (2001).

*Id.* at 911-12.

The Eighth Circuit further held that the standards of Regulation 43 are "a duty to the state, not to the individual insured," ruling that "the insured has no private right of action for a breach of that duty." *Id.* at 912. The Eighth Circuit also held that Rule 43 was intended to implement the Trade Practices Act, Ark. Code Ann. § 23-66-201 *et seq*. Subsection (b) of § 23-66-202 states that that "no provisions of this subchapter are intended to establish or extinguish a private right of action for a violation of any provision of this subchapter." Therefore, Smith's complaint should be dismissed pursuant to Fed. R. Civ. 12(b)(6).

---

[3] This case is on appeal to the Eighth Circuit Court of Appeals as Case No. 20-1044.

Respectfully submitted,

WILLIAM A. WADDELL, JR.
ARK BAR ID NO. 84154
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201
(501) 370-1510
(501) 224-5342 (fax)
waddell@fridayfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 5, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Hank Bates
Tiffany Wyatt Oldham
Lee Lowther
CARNEY BATES & PULLIAM, PLLC
519 W. 7th Street
Little Rock, AR 72201

John Rainwater
RAINWATER HOLT & SEXTON
801 Technology Drive
Little Rock, AR 72223

                                                  WILLIAM A. WADDELL, JR.