IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SHAWN SMITH, on behalf of himself and
all others similarly situated**                                          **PLAINTIFF**

VS.                     **4:20-CV-00707-BRW**

**SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY**                                 **DEFENDANT**

## ORDER

Pending is Defendant's Motion to Dismiss (Doc. No. 4). Plaintiff has responded and Defendant has replied.[1] For the reasons set out below, the motion is GRANTED.

Plaintiff's complaint sets out causes of action for break of contract and declaratory judgment related to Defendant's valuation of loss claims. Essentially, both claims are based on Arkansas Insurance Rule & Regulation 43. Recognizing that there is no private cause of action to enforce Regulation 43,[2] Plaintiff claims that a "conformity clause" in the insurance contract paves the way for a breach of contract issue. However, attempts to use a "conformity clause" to create a private cause of action where none exists has been rejected by the Eighth Circuit.[3]

IT IS SO ORDERED this 25th day of June, 2020.

                                                    Billy Roy Wilson
                                                    UNITED STATES DISTRICT JUDGE

---

[1] Doc. Nos. 9, 12.

[2] *Castenada v. State Farm Mut. Ins. Co.*, No. 5:17-CV-05105, 2017 WL 11393328, at *2 (W.D. Ark. Sept. 26, 2017) ("The Trade Practices Act does not create a remedy for insureds, and there is no language in either Ark Code Ann. § 23-89-211 or the insurance code's Trade Practices Act indicating that the legislature had any other purpose than to regulate insurers. Because State Farm does not owe a duty to an individual under this statute, but rather to the state, the insured does not have a private right of action for a breach of that duty.") (citing *Design Professionals Ins. Co. v. Chicago Ins. Co.*, 454 F.3d 906, 911-12 (8th Cir. 2006).

[3] *Nelson v. Am. Family Mut. Ins. Co.*, 899 F.3d 475, 480 (8th Cir. 2018) ("We decline to incorporate a statutory duty into the Policy where the contractual provisions about replacement cost are unambiguous and where the relevant insurance statutes do not create a private right of action."); *Palmer v. Illinois Farmers Ins. Co.*, 666 F.3d 1081, 1085 (8th Cir. 2012) (holding that a conformity clause would not create a breach of contract claim when the breach was based on a statute that did not have a private right of action).